UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| GLENNON O. WIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2 08 0079 |
| v. | ) (No. 2:08mc0004) |
| | ) Judge Echols |
| JERRY & OPAL WALKER, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Westmoreland, Tennessee. The plaintiff does not specify the federal grounds on which he has brought this action. He does, however, name the following defendants: 1) Jerry Walker; 2) Opal Walker; 3) the County of Macon, Tennessee; and 4) the Tyson Chicken Company. The plaintiff seeks injunctive relief and money damages.

Owing to its brevity, the statement of facts in this action are quoted below in their entirety:

> Feb. 1st 2000. A water pipe was put across my land[.] [The] pipe does not serve the public[.] [It] goes to chicken houses. [I] was not ask[ed] [and] no one spoke to me about it[.] [I] ask[ed] the installers to stop, [and] the Sh[e]riff's Dept. was called in [I] was held in side [*sic*] my home while they finished the job. They made me a part of very bad air pol[l]ution that is oh so bad with very doped up chickens, dead & alive, even the death of my son in 2002 with histopla[smosis].

(Docket Entry No. 1, p. 2, ¶ 4)[1] The plaintiff has attached to his complaint what appears to be a report completed on this matter by a law enforcement agency. (Docket Entry No. 1, Attach. Report)

---

[1] Unnecessary/improper capitalization in the original has been omitted.

## II. ANALYSIS

### A. Jurisdiction

The district court is a court of limited jurisdiction with jurisdiction to adjudicate civil actions involving federal questions, 28 U.S.C. § 1331, and/or civil actions involving parties with diversity of citizenship where the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), 28 U.S.C. § 1332. Before an action may proceed in district court, it must be determined whether the complaint falls within the scope of the district court's subject matter jurisdiction. The district court is obliged to consider the question of jurisdiction, *sua sponte* if necessary. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

The plaintiff does not allege any violation of the U.S. Constitution and/or federal law, nor can such allegations be liberally construed from the complaint or attached incident report.[2] On the contrary, a fair reading of the complaint and attached incident report is that the alleged events that gave rise to this action are nothing more than the garden-variety tort/conversion/trespass claim involving real property that is cognizable under state law. Because the plaintiff has failed to allege and show that a federal question is at issue, the Court finds that it does not have jurisdiction under § 1331.

As to diversity jurisdiction, it is settled that diversity of citizenship under § 1332 requires <u>complete</u> diversity between all plaintiffs on one side and all defendants on the other. *See*

---

[2] The plaintiff makes a passing statement in his complaint that he was "held in side [*sic*] my home while they finished the job." (Docket Entry No. 1, p. 2, ¶ 4) Although the plaintiff does not say so specifically, it could be inferred from this statement that someone from the Sheriff's Department kept him inside his house while the water pipe was laid. However, the plaintiff does not name the Sheriff's Department, or anyone from the Sheriff's Department, as a defendant. Neither does he provide any factual allegations from which it could be inferred that the County of Macon, or any of the other defendants, was responsible. Finally, none of the relief that the plaintiff seeks is intended to compensate him for that alleged action. Rather, the relief that the plaintiff seeks is intended solely to compensate him for laying the water pipe and damages related thereto. For these reasons, the Court concludes that the plaintiff is not seeking relief under 42 U.S.C. § 1983 against the unnamed and unidentified individual(s) who kept him inside his house while the water pipe was laid.

2

*Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Safeco Ins. Co. of America v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994). Because the plaintiff and defendants Jerry and Opal Walker reside in Tennessee, complete diversity does not exist in this action.[3] Moreover, the plaintiff has failed to allege an amount in controversy of more than $ 75,000.00. For these reasons, the Court finds that it also does not have jurisdiction under § 1332.

For the reasons explained above, the Court will dismiss this action for want of subject matter jurisdiction.

## 2. Statute of Limitations

Assuming for the sake of discussion that the Court did have jurisdiction in this matter, as noted *supra*, a fair reading of the complaint is that it is a property tort/conversion/trespass claim arising under Tennessee law. When conducting inquiries into such matters, federal courts ascertain and apply state law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

In Tennessee, "the gravamen of an action . . . determines the applicable statute of limitations." *Alexander v. Third Nat's Bank*, 915 S.W.2d 797, 798 (Tenn. 1996). In determining the gravamen, or real purpose of an action, the courts must look to the basis for which damages are sought. *Bland v. Smith*, 197 Tenn. 683, 277 S.W.2d 377, 379 (1955). The damages sought in this action are to compensate the plaintiff for injuries to his real property. The applicable statute of limitations in such actions is three years. Tenn. Code Ann. §§ 28-3-105(1)-(2); *see Gunter v. Lab Corp. of America*, 121 S.W.3d 636, 642 (Tenn. 2003).

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson v. Garcia*, 471 U.S. 261, 267 (1986), superseded by statute on other grounds as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383-385

---

[3] The presence of Macon County as a defendant also defeats complete diversity.

3

(2004); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1986). Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). This inquiry is objective and the court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt*, 215 F.3d 543, 548 (6th Cir. 2000).

In the statement of the facts, the plaintiff alleges that the water pipe was laid on February 1, 2000. The copy of the incident report attached to the complaint shows that the plaintiff – Glennon Olene Wix – filed a complaint with law enforcement officials at 1430 (2:30 p.m.) that same day. (Docket Entry No. 1, Attach Report) It is clear, therefore, that the plaintiff knew of the alleged violation about which he now complains on the day that it occurred. Inasmuch as the plaintiff did not submit his complaint to the district court until June 12, 2008, he brought this action more than 5 ½ years after the statute of limitations had run.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

As reasoned above, the plaintiff's complaint is barred by the statute of limitations and, as such, it lacks an arguable basis in law or fact. Accordingly, this action is subject to dismissal for

4

frivolity in addition to being subject to dismissal for want of subject matter jurisdiction. *Dellis v Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001)(claims barred by the statute of limitations are frivolous).

### III. CONCLUSION

For reasons explained herein, the plaintiff's complaint will be dismissed for want of jurisdiction and for frivolity.

An appropriate Order will be entered.

*/s/ Robert L. Echols*

Robert L. Echols
United States District Judge

5